UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LOUIS LAUDISIO,

                   Plaintiff,

-against-

SUFFOLK CONSTRUCTION COMPANY, INC.,

                   Defendant.

------------------------------------------------------------------x

25 Civ. 6739

**COMPLAINT**

**Trial by Jury**

Plaintiff, by his attorneys, Jaroslawicz & Jaros PLLC, complaining of the defendant, upon information and belief, alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff is a citizen of the State of New York.

2. At all times hereinafter mentioned, defendant is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts, with its principal place of business in the State of Massachusetts.

3. At all times hereinafter mentioned, defendant is authorized to do business and doing business in the State of New York.

4. At all times hereinafter mentioned, defendant was the General Contractor with respect to construction work being performed at the New York State Jamaica Armory, 9305 168th Street, Jamaica, New York ("the Armory").

## JURISDICTION AND VENUE

5. That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

6. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

7. Venue is properly placed in the United States District Court for the Southern District of New York since the defendant has an operating office here to deal with local business, the witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

8. At all times hereinafter mentioned, plaintiff was employed as an electrician by ADCO Electric Corporation, 201 Edward Curry Avenue, Staten Island, New York.

9. On or about November 3, 2023, plaintiff was performing work at the Armory, as defined by the New York State Labor Law.

10. As part of his work, plaintiff was required to use a wire pulling machine known as the Greenlee 6800 Ultra Tugger ("the Tugger").

11. While plaintiff was attempting to make use of the Tugger, in order to pull electrical wire from a conduit panel, the entire machine tipped forward, which caused the heavy top boom and end pulley of the Tugger to strike plaintiff in the head and neck, as a result of which he suffered severe and permanent personal injuries.

12. The amounts sought herein exceed the jurisdiction of the lower courts.

## AS AND FOR A FIRST CLAM FOR RELIEF

13.  Defendant, by its agents, servants and employees, was reckless, careless and negligent in its maintenance and operation of the construction site and its appurtenant work areas and equipment; in failing to provide a safe place to work; in failing to monitor, coordinate and supervise the work; in failing to have efficient and sufficient personnel; in failing to warn of any danger; in allowing the subject Tugger to be used and operated while it was in a defective condition; in causing, creating and permitting dangerous equipment to be used; in failing to properly inspect, maintain and/or repair the subject Tugger; in permitting plaintiff's employer and plaintiff to use the subject Tugger without appropriate training, oversight and supervision; in permitting the subject Tugger to be used when it was not operating properly and was in dangerous and defective condition; in permitting the subject Tugger to be used when a bolt providing pressure to stabilize the upper boom of the Tugger was in a worn and defective condition as a result negligent maintenance and repair; in negligently failing to have the subject Tugger properly maintained, serviced and repaired; in failing to take the subject Tugger out of service when it was in a defective and dangerous condition; in failing to provide plaintiff with proper safety devices; in failing to properly place and operate the subject Tugger and its appurtenances; in violating the applicable law, statutes, rules and regulations; and in otherwise being careless, reckless and/or negligent in the supervision, use, operation, maintenance and repair of the subject Tugger.

14. As a result of the defendant's negligence, the plaintiff was caused to suffer severe and personal injuries including cervical radiculopathy, cervical myelopathy, lumbosacral spondylosis; lumbar radiculopathy; cervical disc herniations; lumbar disc herniations; required to undergo anterior cervical diskectomy and fusion (ACDF); required to undergo lumbar disc ablation surgery; severe pain, tenderness, weakness and restriction of motion of the cervical and lumbar spines; required medical care and attention and will require medical care and attention in the future; required diagnostic testing; requires physical and occupational therapy; pain and suffering; incurred medical costs and expenses; onset of arthritic changes to the injured areas are anticipated; in addition thereto, plaintiff sustained injuries to the skin, bones, muscles, tissues, cartilage, ligaments, blood vessels, nerve systems, and nerve centers of the affected areas of the body; in the event that the injuries were superimposed upon any pre-existing conditions, including but not limited to any latent condition, or there was any pre-existing element, including but not limited to the normal aging process, which have contributed to the extent and severity of the injuries and rendered plaintiff more prone and/or weakened and/or susceptible to further injury, then such pre-existing conditions or susceptibility, if any, were aggravated, activated, precipitated, triggered, accelerated and/or acted upon by the injuries sustained in the subject occurrence and/or caused plaintiff to become symptomatic; extreme pain, suffering, mental anguish and distress; unable to be gainfully employed; diminished quality of and ability to enjoy life; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

15. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

## AS AND FOR A SECOND CLAM FOR RELIEF

16. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

17. Defendant violated Sections 200, 240 and 241(6) of the Labor Law and the rules promulgated thereunder.

18. Among other things, defendant violated the Labor Law in failing to provide a safe place to work; in failing to monitor, coordinate and supervise the work; in failing to have efficient and sufficient personnel; in failing to warn; in allowing the Tugger to be used and operated while it was in a defective condition; in causing, creating and permitting dangerous equipment to be used; in failing to properly inspect, maintain and/or repair the subject Tugger; in permitting plaintiff's employer and plaintiff to use the subject Tugger without appropriate training, oversight and supervision; in permitting the subject Tugger to be used when it was not operating properly and was in dangerous and defective condition; in permitting the subject Tugger to be used when a bolt providing pressure to stabilize the upper boom of the Tugger was in a worn and defective condition as a result negligent maintenance and repair; in negligently failing to have the subject Tugger properly maintained, serviced and repaired; in failing to take the subject Tugger out of service when it was in a defective and dangerous condition; in failing to provide plaintiff with proper safety devices; in failing to properly place and operate the subject Tugger and

its appurtenances; and in otherwise violating Sections 200, 240 and 241(6) of the Labor Law, and the rules and regulations promulgated thereunder, including 12 NYCRR §§200, 240(1) and 241(6) and the regulations promulgated thereunder, including 12 NYCRR §§ 23-9.1, 9.2(a), 9.2(b)(1), 9.2.(b)(2), 9.2(d), 9.2(g) and other applicable regulations.

19. By reason of the foregoing, plaintiff was caused to suffer severe and permanent personal injuries as set forth above.

20. By reason of the foregoing, the defendant is strictly liable to the plaintiff for all of the injuries he has suffered as set forth above.

21. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

22. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff demands judgment against the defendant, to recover for all of his damages, all together with the costs and disbursements of this action.

Dated: New York, New York
      August 14, 2025

                              JAROSLAWICZ & JAROS PLLC
                              Attorneys for Plaintiff(s)
                              225 Broadway, 24th Floor
                              New York, New York 10007
                              (212) 227-2780

                              By: _____
                                  David Jaroslawicz (DJ-6931)